USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/28/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
    :
UNITED STATES OF AMERICA,   :
    :
    -v-    :    1:16-cr-656-GHW-8
    :
JOSEPH ENCARNACION,   :    ORDER
    :
              Defendant.   :
    :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

On August 14, 2020, Joseph Encarnacion filed a motion to amend what appears to have been a motion for compassionate release. Dkt. No. 773. With apologies, the Court does not have a record of the motion that Mr. Encarnacion has requested leave to amend. The Court requests that Mr. Encarnacion resubmit his motion in full so that the Court can review it.

Mr. Encarnacion is reminded that in order to bring a motion for compassionate release to the Court, he must first exhaust the statutory preconditions to filing such a motion. Motions for compassionate release are governed by 18 U.S.C. § 3582(c)(1)(A). Under the statute, an inmate must satisfy certain preconditions before bringing a motion for compassionate release to the Court. In particular, an inmate must make a request to the warden of his facility to bring a compassionate release on his behalf before requesting relief from the Court. *Id.* ("The court may not modify a term of imprisonment once it has been imposed except that . . . the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . ."). As a result,

the Court requests that in any subsequent application, Mr. Encarnacion provide information regarding when and how he requested the warden of his facility to move for compassionate release on his behalf.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Mr. Encarnacion and to terminate the motion pending at Dkt. No. 773.

SO ORDERED.

Dated: November 28, 2020

_____
GREGORY H. WOODS
United States District Judge